## Spinks v. Commonwealth.

Dec. 9, 1941.

Joe S. Garman for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Harry Spinks, was indicted for the murder of Marie Crabtree and was convicted of voluntary manslaughter and sentenced to a term of twelve years in the state penitentiary. In his motion for a new trial he set forth two grounds: (1) Alleged errors of the court in the admission and rejection of evidence; and (2) the verdict was not sustained by the evidence. On this appeal he relies solely on the second ground set forth in his motion for a new trial, although he made no motion for a peremptory instruction to find him not guilty either at the conclusion of the Commonwealth's evidence or at the conclusion of all the evidence.

Marie Crabtree, a young woman about 21 years of age, had lived in appellant's home about six months before her death. According to appellant, she was his housekeeper. No one else lived in the house. The shooting occurred in appellant's home late in the afternoon sometime in 'August, 1941, and was heard by a number of persons in the neighborhood, all of whom testified that three or four shots were fired. About an hour before the shooting Marie Crabtree told a neighbor that she had decided to leave appellant and return to her home in Gallatin, Tennessee. Several neighbors went to appellant's home immediately after the shooting and found him sitting in a chair in the front room and a pistol on the floor at his side. The body of Marie Crabtree was found on the ground just outside the rear door to the house. She had been shot twice, once in the hip and once in the back. The bullet which entered her back passed through her body and through or near her heart.

Appellant related a fantastic and improbable story.

He testified that a strange man entered his home and attempted to rob him. Marie Crabtree apparently had been looking for this stranger and when he entered she went to the bureau, opened a drawer, took out appellant's pistol, and said: "It's a stick-up. You just as well give your money up." He struggled with her for possession of the pistol, and during the scuffle the stranger shot at him once or twice, one of the bullets passing through his arm near the elbow. He wrested the pistol from Marie Crabtree, and fired three or four shots at the stranger who disappeared. He did not shoot at Marie Crabtree and was unable to explain how she was wounded twice unless she ran between him and the stranger at whom he was shooting. None of the neighbors who went to appellant's home immediately after the shooting saw a man enter or leave the house, and appellant told no one about the attempted robbery. Several policemen arrived on the scene shortly after the shooting, and appellant cursed and abused them and ordered them out of the house. The coroner arrived shortly after the shooting and asked appellant how it happened, and the latter said he didn't know. He said to·one of the police officers: "If you'll give me the gun back I'll finish it up." There were two bullet holes in the wall in front of appellant and two in the wall behind him, and it is argued that this corroborates appellant's testimony that two shots were fired at him from the front part of the room. It is entirely possible, however, that these shots were fired and that appellant was wounded when he and Marie Crabtree were struggling for possession of the pistol.

We think the evidence amply sustains the verdict. It is inconceivable how a jury, under the proof, could return a verdict of acquittal.

Judgment affirmed.